UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:12-cv-79-RLV
(5:09-cr-42-RLV-DSC-1)

| | | |
|---|---|---|
| WILLIAM CORNELIUS GIBBS, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1). Petitioner moves this Court to vacate his sentence on the basis of the Fourth Circuit's en banc decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), based on his contention that Titles 18 and 21 of the United States Code are unconstitutional, and based on ineffective assistance of counsel.

    **I.**    **BACKGROUND**

Petitioner William Cornelius Gibbs, Jr., was indicted on September 15, 2009, and charged with possession with intent to distribute crack cocaine and aiding and abetting the same, in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2; possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c); and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). (Criminal Case No. 5:09cr42, Doc. No. 1: Indictment). On January 7, 2010, Petitioner pled guilty to the drug trafficking and felon-in-possession offenses, pursuant to a written plea agreement. (Id., Doc. No. 19: Plea Agreement; Doc. No. 20: Acceptance and Entry of Guilty Plea). The parties agreed that Petitioner was responsible for 3.6 grams of crack and that Petitioner was a career offender under U.S.S.G. §

1

4B1.1, resulting in an adjusted offense level of 34 (before the application of any reduction for acceptance of responsibility). (Id., Doc. No. 19 at 3). Notably, the parties' plea agreement also contained a waiver of Petitioner's right to seek post-conviction relief based on "28 U.S.C. § 2255, and similar authorities," from either his conviction or sentence, except for claims based on (1) ineffective assistance of counsel; or (2) prosecutorial misconduct. (Id. at 6).

According to Petitioner's Presentence Investigation Report ("PSR"), Petitioner's Guidelines range of imprisonment, based on a total offense level of 31 and a criminal history category of VI, was between 188 to 235 months. (Id., Doc. No. 26 at 9; 27: PSR). Ultimately, this Court sentenced Petitioner to 200 months of imprisonment. (Id., Doc. No. 28: Judgment). Petitioner filed a notice of appeal, which the Fourth Circuit dismissed based on his appellate waiver. (Criminal Case No. 5:09cr42, Doc. No. 44: Order). The Fourth Circuit entered its mandate on May 17, 2011. (Id., Doc. No. 45: Mandate).

On June 5, 2012, Petitioner placed the instant motion to vacate in the prison system for mailing, and it was stamp-filed in this Court on June 15, 2012. (Doc. No. 1). On February 26, 2014, after receiving an Order from this Court to respond, the Government filed its response.

## II. STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the argument presented by the Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

A. Petitioner's Claim for Relief under Simmons and His Claim Alleging that Titles 18 and 21 of the United States Code Are Unconstitutional.

As Court has already noted, the parties' plea agreement contained a waiver of Petitioner's right to seek post-conviction relief from either his conviction or sentence based on 28 U.S.C. § 2255 and similar authorities, except for claims based on ineffective assistance of counsel or prosecutorial misconduct. A waiver in a plea agreement is enforceable as long as the defendant waives this right knowingly and voluntarily. See United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005) ("A criminal defendant may waive his right to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary."); see also United States v. Copeland, 707 F.3d 522, 529-30 (4th Cir. 2013) (dismissing appeal of defendant challenging sentencing enhancement in light of Simmons because defendant waived his right to appeal his sentence in his plea agreement); United States v. Snead, No. 11-5100, 2012 WL 541755 (4th Cir. Nov. 7, 2012) (unpublished) (same).

Here, Petitioner does not allege that his plea was either unknowing or involuntary, nor could he, as the Rule 11 colloquy establishes that he pled guilty understanding the charge to which he was pleading guilty as well as the consequences of his plea, including his waiver of his right to challenge his sentence in a post-conviction proceeding, except through claims of ineffective assistance of counsel or prosecutorial misconduct. See (Crim. Case No. 5:09cr42, Doc. No. 20: Acceptance and Entry of Guilty Plea). Neither Petitioner's Simmons claim nor his claim regarding the unconstitutionality of Titles 18 and 21 of the United States Code presents a claim of ineffective assistance of counsel or a claim of prosecutorial misconduct. Accordingly, Petitioner waived in his plea agreement the right to bring these two claims.

B. Petitioner's Ineffective Assistance of Counsel Claim

The Sixth Amendment right to the assistance of counsel during criminal proceedings extends to the plea-bargaining process. As the Supreme Court explained in Hill v. Lockhart, 474 U.S. 52, 57 (1985), the two-part test set forth in Strickland v. Washington, 466 U.S. 668 (1984), governs ineffective assistance claims involving the plea process. Pursuant to that test, to prevail on an ineffective assistance claim, a petitioner must establish that (1) counsel's performance was deficient and (2) there is a reasonable probability that the deficiency prejudiced the defendant. Strickland, 466 U.S. at 687, 694. In the plea context, a petitioner can show prejudice by establishing that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 57-59.

Generally speaking, to establish prejudice under Strickland, the petitioner must show that "but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. When an ineffective assistance claim arises in the plea context, the Supreme Court has said that the Strickland prejudice inquiry focuses on "whether counsel's constitutionally ineffective performance affected the outcome of the plea process." Hill, 474 U.S. at 59. The Supreme Court has recently observed that where counsel fails to communicate a plea offer, to show prejudice a defendant must show "a reasonable probability [he] would have accepted the . . . plea offer" and that "the end result of the criminal process would have been more favorable by reason of a plea to a lesser charge or a sentence of less prison time." Missouri v. Frye, 132 S. Ct. 1399, 1409 (2012); see also Lafler v. Cooper, 132 S. Ct. 1376, 1387 (2012) ("[P]rejudice can be shown if loss of [a] plea opportunity led to a trial resulting in a conviction on more serious charges or the imposition of a more severe sentence.").

In his sole claim of ineffective assistance of counsel, Petitioner asserts that he was not indicted by a grand jury and that "there was no vote or returned by the grand jury in open Court."

4

(Doc. No. 1-1 at 16: Pet. Mem. Supp. Mot. to Vacate). As support, Petitioner refers to the Information filed by the Government in accordance with 21 U.S.C. § 851, notifying Petitioner and this Court that the Government intended to seek enhanced penalties based on Petitioner's prior drug-trafficking convictions. See (Doc. No. 5:09cr42, Doc. No. 18: Information to Establish Prior Conviction). Petitioner's claim is without merit, as a Section 851 notice does not need to be returned by the grand jury, and Petitioner has not shown that the indictment, which itself reflects that the grand jury returned a true bill, was obtained in any manner that violates Federal Rule of Criminal Procedure 6 or the Fifth Amendment. Petitioner has shown neither deficient performance nor prejudice. Thus, Petitioner's claim of ineffective assistance of counsel fails.

### IV. CONCLUSION

For the foregoing reasons, the Court dismisses Petitioner's § 2255 petition.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), is **DENIED** and **DISMISSED**.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the

petition states a debatable claim of the denial of a constitutional right).  The

Government's Motion to Dismiss, (Doc. No. 9), is **GRANTED**.


Signed: March 11, 2014

Richard L. Voorhees
United States District Judge